IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **EZEKIEL ELIJAH WILLIAMS,** | ) | Civil Action No. 7:19-cv-00312 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **COMMONWEALTH'S ATTORNEY** | ) | |
| **OFFICE,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Ezekiel Elijah Williams, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming only two defendants: the Commonwealth's Attorney Office in Augusta County and the Augusta County Sheriff Department. (Dkt. No. 1.) In his complaint, he states that criminal charges were filed against him after an altercation with two individuals, who he says attacked him. He asserts that he twice tried to bring charges against those two individuals by filing a criminal complaint, but his criminal complaints were "denied." He asks that the court "investigate and charge" the defendants "for their prejudice and bias[ed] practices" and also seeks money damages.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vennedge v. Gibbs*, 550

F.2d 926, 928 (4th Cir. 1977)). Williams does not identify any individual defendant who took any specific action against him.

To the extent he is attempting to sue the defendants as local governing bodies, such entities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985). Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, Williams does not allege that any official policy or custom of defendants was responsible for the conduct of which he complains.

Moreover, even if Williams had sued individuals responsible for the decisions he challenges, he has not alleged sufficient facts to state a claim under Section 1983. As noted, he alleges that the defendants' decisions not to proceed on his criminal complaints were the result of "prejudice and bias." (Dkt. No. 1.) But "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted). In fact, a citizen does not have any judicially cognizable interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also*

*Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S.* and collecting cases). Thus, Williams has no legally significant interest in the criminal investigation or prosecution of the individuals who he claims committed crimes against him. Consequently, his claims based on the defendants' failure to investigate or prosecute those individuals do not give rise to any cognizable claim under § 1983.

For the reasons stated, I will summarily dismiss Williams' complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Nothing in this opinion precludes Williams from bringing a more detailed action against anyone who may have violated his constitutional rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.

An appropriate order will be entered.

**ENTER**: This 24th day of January 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE